UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN AND BETINA JOHNSON; | ) | |
|     Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| | ) | File No. 15-cv-10935 |
|     v. | ) | |
| WELLS FARGO BANK, N.A.; | ) | |
| SERVICELINK, LLC; AND | ) | Hon. Virginia M. Kendall |
| SERVICELINK FIELD SERVICES, | ) | |
| LLC; | ) | JURY TRIAL DEMANDED |
|     Defendants. | ) | |

**JOINT INITIAL STATUS REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's standing order, the parties submit the following Joint Initial Status Report.

**1.** **Attorneys of Record**

    a. Plaintiffs Kevin and Betina Johnson (collectively "Johnson"):

        Sulaiman Law Group, Ltd.
        Ross M. Zambon (lead attorney)
        Nicholas H. Wooten (lead trial attorney)
        Mara A. Baltabols
        Ahmad T. Sulaiman
        Mohammed O. Badwan

    b. Defendant Wells Fargo Bank, N.A. ("Wells Fargo"):

        Mayer Brown LLP
        Joseph M. Snapper
        Lucia Nale
        Michelle Dohra

    c. Defendants ServiceLink, LLC and ServiceLink Field Services, LLC (collectively "ServiceLink")

        No appearance.

2. **Basis for Jurisdiction**

   a. **Federal Statutes**

   Johnson has a federal claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k, to support subject matter jurisdiction under 28 U.S.C. §§1331 & 1337. Supplemental jurisdiction exists for the state law Illinois Consumer Fraud Act ("ICFA") claim, and trespass, conversion, and negligence claims pursuant to 28 U.S.C. §1367.

   b. **Diversity Jurisdiction**

   Johnson alleged that diversity jurisdiction is conferred upon this Court by 28 U.S.C. §1332, as the matter in controversy exceeds $75,000.00 and is between citizens of different states.

3. **Nature of Claims**

   Johnson's claims are founded upon allegations that Wells Fargo and ServiceLink employed unfair and deceptive servicing and debt collection practices related to Johnson's (previous) home mortgage loan. Johnson alleged that ServiceLink, at the direction of Wells Fargo, illegally broke into Johnson's home without authorization, changed the locks, stole Johnson's personal property, and damaged the real property.

4. **Name of Any Party Not Yet Served**

   Johnson filed an amended complaint on February 9, 2016 naming ServiceLink, LLC and ServiceLink Field Services, LLC as defendants. Neither party has been served.

5. **The Principal Legal Issues**

   Whether Johnson can state a claim or satisfy the elements as to any of their two statutory and three common law causes of action with respect to any of the defendants. Whether Johnson can demonstrate an alleged agency relationship existed among any of the defendants.

6. **The Principal Factual Issues**

   Whether Johnson can prove alleged improper entry upon and alleged damage to Johnson's real and personal property. Whether Johnson can prove which defendant, if any, allegedly caused such alleged damage.

7. **Whether a Jury Trial is Expected**

   Johnson has demanded and anticipates a jury trial.

**8.** **Discovery Undertaken**

None taken to date. The ServiceLink defendants have not been served with the amended complaint.

**Johnson's Position**:

Johnson proposes the following discovery schedule:

26(a)(1) disclosures – 3/2/16

Issue written discovery by – 3/30/16

Fact discovery completion date – 9/4/16

Expert discovery:

Plaintiffs' expert reports – 10/4/16

Deposition of Plaintiffs' experts – 11/3/16

Defendants' rebuttal reports – 12/3/16

Deposition of Defendants' experts – 1/2/17

Dispositive motion cutoff:

If expert discovery is waived – 10/15/16

If expert discovery is taken – 2/15/17

**Wells Fargo's Position**

Given the nature of Johnson's allegations about ServiceLink in the amended complaint, Wells Fargo proposes that any discovery schedule should be set after the ServiceLink defendants are served. At that time, the parties will confer to determine a proposed discovery schedule

**9.** **Trial Date**

The earliest date the parties will be ready for trial is December 2016 (if expert discovery is waived). The anticipated length of the trial is 4 to 5 days.

**10.** **Consent to Proceed in Front of a Magistrate**

The parties have not unanimously consented to proceed before a magistrate.

**11.** **State of Settlement**

No settlement discussions have occurred to date. Johnson will likely issue a settlement demand after the ServiceLink defendants have been served. The parties do not request a settlement conference at this time.

Dated: February 10, 2016

| **Kevin and Betina Johnson** | **Wells Fargo Bank, N.A.** |
|---|---|
| By: /s/ *Ross M. Zambon* | By: /s/ *Joseph M. Snapper* |
| Ross M. Zambon | Joseph M. Snapper |
| SULAIMAN LAW GROUP, LTD. | Mayer Brown, LLP |
| 900 Jorie Boulevard, Suite 150 | 71 South Wacker Drive |
| Oak Brook, IL 60523 | Chicago, IL 60606 |
| (630) 575-8181 | (312) 701-8124 |
| *Attorney for the Johnsons* | *Attorney for Wells Fargo Bank, N.A.* |