IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN and BETINA JOHNSON, | CASE NO. 1:15-CV-10935 |
| Plaintiffs, | JUDGE HON. VIRGINIA KENDALL |
| v. | **ANSWER OF DEFENDANT TRUASSETS, LLC TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND THIRD PARTY COMPLAINT AGAINST UNITEC PROPERTY PROFESSIONALS AND WILLIAM BURCH** |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants | |
| v. | **(Jury Demand Endorsed Hereon)** |
| UNITEC PROPERTY PROFESSIONALS 4824 S. Justine Chicago, IL 60609 | |
| and | |
| WILLIAM BURCH 4824 S. Justine Chicago, IL 60609 | |
| Third Party Defendants. | |

Now comes Defendant TruAssets, LLC and for its Answer to Plaintiffs' Second Amended Complaint states as follows:

1.     TruAssets admits the allegations in Paragraph 1 are a recitation of the causes of actions alleged by Plaintiffs.  TruAssets denies the remaining allegations of Paragraph 1.

2.     To the extent the allegations in Paragraph 2 are alleged against TruAssets, TruAssets denies the allegations.

3.     The allegations in Paragraph 3 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets admits that this Court generally has jurisdiction.  TruAssets denies the remaining allegations of Paragraph 3.

4.      The allegations in Paragraph 4 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets admits that this Court generally has jurisdiction.  TruAssets denies the remaining allegations of Paragraph 4.

## PARTIES

5.      TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies those allegations.

6.      TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies those allegations.

7.      TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies those allegations.

8.      TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies those allegations.

9.      In response to the allegations in Paragraph 9, TruAssets denies it is an Arizona company and states it is an Ohio company but TruAssets admits that its principal place of business is in Arizona.  Further responding, TruAssets states it is a property preservation company.  TruAssets denies the remaining allegations of Paragraph 9.

10.      TruAssets denies the allegations in Paragraph 10.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

11.      TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies those allegations.

12.      TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies those allegations.

13.      TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies those allegations.

14.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies those allegations.

15.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies those allegations.

16.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies those allegations.

17.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies those allegations.

**The Loan Modification**

18.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies those allegations.

19.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies those allegations.

20.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies those allegations.

21.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies those allegations.

22.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies those allegations.

23.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies those allegations.

24.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies those allegations.

25.     TruAssets is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 25 and therefore denies those allegations.

26.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies those allegations.

27.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies those allegations.

28.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies those allegations.

29.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies those allegations.

30.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies those allegations.

31.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies those allegations.

32.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies those allegations.

33.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies those allegations.

34.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies those allegations.

35.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies those allegations.

36.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies those allegations.

**Wells Fargo's Hiring of ServiceLink and TruAssets**

37.    To the extent the allegations in Paragraph 37 are alleged against TruAssets, TruAssets states that it was hired by ServiceLink to perform property preservation services on the subject property.  TruAssets denies the remaining allegations of Paragraph 37.

38.    TruAssets denies the allegations in Paragraph 38.

39.    TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies those allegations.

40.    TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies those allegations.

41.    TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies those allegations.

42.    TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies those allegations.

**The Service Providers' Breaking and Entering of the Property**

43.    TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies those allegations.

44.    To the extent the allegations in Paragraph 44 are alleged against TruAssets, TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

45.    TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies those allegations.

46.    TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies those allegations.

47.    TruAssets is without knowledge or information sufficient to form a belief as to

5

the truth of the allegations in Paragraph 47 and therefore denies those allegations.

48.     To the extent the allegations in Paragraph 48 are alleged against TruAssets, TruAssets denies the allegations in Paragraph 48.

49.     To the extent the allegations in Paragraph 49 are alleged against TruAssets, TruAssets denies the allegations in Paragraph 49.

50.     To the extent the allegations in Paragraph 50 are alleged against TruAssets, TruAssets denies the allegations in Paragraph 50.

51.     To the extent the allegations in Paragraph 51 are alleged against TruAssets, TruAssets denies the allegations in Paragraph 51.

52.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies those allegations.

53.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies those allegations.

54.     To the extent the allegations in Paragraph 54 are alleged against TruAssets, TruAssets admits it did not contact Plaintiffs.  TruAssets is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and therefore denies those allegations.

55.     To the extent the allegations in Paragraph 55 are alleged against TruAssets, TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

56.     To the extent the allegations in Paragraph 56 are alleged against TruAssets, TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

57.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies those allegations.

58.     To the extent the allegations in Paragraph 58 are alleged against TruAssets, TruAssets denies the allegations.

## CAUSES OF ACTION
### Agency

59.     To the extent the allegations in Paragraph 59 are alleged against TruAssets, TruAssets admits it was retained by ServiceLink to perform property preservation services. TruAssets is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59 and therefore denies those allegations.

60.     To the extent the allegations in Paragraph 60 are alleged against TruAssets, TruAssets denies the allegations.

61.     The allegations in Paragraph 61 are not alleged against TruAssets, therefore no response is required.  To the extent a response is required, TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

62.     To the extent the allegations in Paragraph 62 are alleged against TruAssets, TruAssets denies the allegations.

### Willful Conduct

63.     In response to the allegations in Paragraph 63, TruAssets admits that it follows guidelines and procedures in accordance with federal and state law.  TruAssets denies the remaining allegations of Paragraph 63.

64.     To the extent the allegations in Paragraph 64 are alleged against TruAssets, TruAssets admits it is compensated for its services.  TruAssets denies the remaining allegations

of Paragraph 64.

65.     To the extent the allegations in Paragraph 65 are alleged against TruAssets, TruAssets denies the allegations.

66.     To the extent the allegations in Paragraph 66 are alleged against TruAssets, TruAssets denies the allegations.

67.     To the extent the allegations in Paragraph 67 are alleged against TruAssets, TruAssets denies the allegations.

68.     To the extent the allegations in Paragraph 68 are alleged against TruAssets, TruAssets denies the allegations.

69.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies those allegations.

70.     To the extent the allegations in Paragraph 70 are alleged against TruAssets, TruAssets denies the allegations.

**Damages**

71.     To the extent the allegations in Paragraph 71 are alleged against TruAssets, TruAssets denies the allegations in Paragraph 71.

**COUNT I – TRESPASS TO REAL PROPERTY AND CHATTELS
(AGAINST ALL DEFENDANTS)**

72.     TruAssets incorporates by reference its responses to the allegations in Paragraphs 1 through 71 as if fully restated herein.

73.     TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies those allegations.

74.     To the extent the allegations in Paragraph 74 are alleged against TruAssets, TruAssets is without knowledge or information sufficient to form a belief as to the truth of the

8

allegations in Paragraph 74 and therefore denies those allegations.

75.     The allegations in Paragraph 75 are not alleged against TruAssets so no response is required.  To the extent a response is required, TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

76.     To the extent the allegations in Paragraph 76 are alleged against TruAssets, TruAssets denies the allegations in Paragraph 76.

77.     To the extent the allegations in Paragraph 77 are alleged against TruAssets, TruAssets denies the allegations in Paragraph 77.

78.     To the extent the allegations in Paragraph 78 are alleged against TruAssets, TruAssets denies the allegations in Paragraph 78.

79.     To the extent the allegations in Paragraph 79 are alleged against TruAssets, TruAssets denies the allegations in Paragraph 79 including the unnumbered prayer for relief following Paragraph 79.

## COUNT II – CONVERSION
## (AGAINST ALL DEFENDANTS)

80.     TruAssets incorporates by reference its responses to the allegations in Paragraphs 1 through 79 as if fully restated herein.

81.     To the extent the allegations in Paragraph 81 are alleged against TruAssets, TruAssets denies the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 82.

83.     To the extent the allegations in Paragraph 83 are alleged against TruAssets, TruAssets denies the allegations in Paragraph 83.

84.     To the extent the allegations in Paragraph 84 are alleged against TruAssets,

TruAssets denies the allegations in Paragraph 84.

85.     To the extent the allegations in Paragraph 85 are alleged against TruAssets, TruAssets denies the allegations in Paragraph 85.

86.     To the extent the allegations in Paragraph 86 are alleged against TruAssets, TruAssets denies the allegations in Paragraph 86 including the unnumbered prayer for relief following Paragraph 86.

## COUNT III- VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

87.     TruAssets incorporates by reference its responses to the allegations in Paragraphs 1 through 86 as if fully restated herein.

88.     The allegations in Paragraph 88 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 88.

89.     The allegations in Paragraph 89 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies that it violated ICFA.

90.     The allegations in Paragraph 90 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets admits it specializes in property preservation.  TruAssets denies the remaining allegations in Paragraph 90.

91.     The allegations in Paragraph 91 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 91.

92.     The allegations in Paragraph 92 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 92.

93.     The allegations in Paragraph 93 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 93.

94.     The allegations in Paragraph 94 state legal conclusions to which no response is

required. To the extent a response is required, TruAssets denies the allegations in Paragraph 94.

94. The allegations in Paragraph 95 state legal conclusions to which no response is required. To the extent a response is required, TruAssets denies the allegations in Paragraph 95.

96. The allegations in Paragraph 96 state legal conclusions to which no response is required. To the extent a response is required, TruAssets denies the allegations in Paragraph 96.

97. The allegations in Paragraph 97 state legal conclusions to which no response is required. To the extent a response is required, TruAssets denies the allegations in Paragraph 97.

98. The allegations in Paragraph 98 state legal conclusions to which no response is required. To the extent a response is required, TruAssets denies the allegations in Paragraph 98.

99. The allegations in Paragraph 99 are not alleged against TruAssets so no response is required. To the extent a response is required, the allegations in Paragraph 99 state legal conclusions to which no response is required. To the extent a response is required, TruAssets denies the allegations in Paragraph 99.

100. The allegations in Paragraph 100 are not alleged against TruAssets so no response is required. To the extent a response is required, the allegations in Paragraph 100 state legal conclusions to which no response is required. To the extent a response is required, TruAssets denies the allegations in Paragraph 100.

101. The allegations in Paragraph 101 are not alleged against TruAssets so no response is required. To the extent a response is required, TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

102. To the extent the allegations in Paragraph 102 are alleged against TruAssets, TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

103.    The allegations in Paragraph 103 state legal conclusions to which no response is required. To the extent a response is required, TruAssets denies the allegations in Paragraph 103.

104.    The allegations in Paragraph 104 state legal conclusions to which no response is required. To the extent a response is required, TruAssets denies the allegations in Paragraph 104.

105.    The allegations in Paragraph 105 state legal conclusions to which no response is required. To the extent a response is required, TruAssets denies the allegations in Paragraph 105.

106.    To the extent the allegations in Paragraph 106 are alleged against TruAssets, TruAssets denies the allegations.

107.    TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and therefore denies those allegations.

108.    TruAssets is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and therefore denies those allegations.

109.    To the extent the allegations in Paragraph 109 are alleged against TruAssets, TruAssets denies the allegations.

110.    The allegations in Paragraph 110 state legal conclusions to which no response is required. To the extent a response is required, TruAssets denies the allegations in Paragraph 110.

111.    The allegations in Paragraph 111 state legal conclusions to which no response is required. To the extent a response is required, TruAssets denies the allegations in Paragraph 111 including the unnumbered prayer for relief following Paragraph 111.

## COUNT IV – NEGLIGENCE
## (AGAINST ALL DEFENDANTS)

112.    TruAssets incorporates by reference its responses to the allegations in Paragraphs 1 through 111 as if fully restated herein.

113.    The allegations in Paragraph 113 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 113.

114.    The allegations in Paragraph 114 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 114.

115.    The allegations in Paragraph 115 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 115.

116.    The allegations in Paragraph 116 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 116.

117.    The allegations in Paragraph 117 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 117.

118.    The allegations in Paragraph 118 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 118.

119.    The allegations in Paragraph 119 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph

119.

120.    The allegations in Paragraph 120 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 120.

121.    The allegations in Paragraph 121 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 121, including the unnumbered prayer for relief following Paragraph 121.

**COUNT V- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(AGAINST THE SERVICE PROVIDERS)**

122.    TruAssets incorporates by reference its responses to the allegations in Paragraphs 1 through 121 as if fully restated herein.

123.    The allegations in Paragraph 123 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 123.

124.    In response to the allegations in Paragraph 124, TruAssets admits it is in the business of property preservation.  TruAssets denies the remaining allegations of Paragraph 124.

125.    The allegations in Paragraph 125 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 125.

**Violation**

126.    The allegations in Paragraph 126 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 126.

127.    The allegations in Paragraph 127 state legal conclusions to which no response is

required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 127.

128.    The allegations in Paragraph 128 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 128.

129.    The allegations in Paragraph 129 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 129.

130.    The allegations in Paragraph 130 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 130.

131.    The allegations in Paragraph 131 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 131.

132.    The allegations in Paragraph 132 state legal conclusions to which no response is required.  To the extent a response is required, TruAssets denies the allegations in Paragraph 132, including the unnumbered prayer for relief following Paragraph 132.

## AFFIRMATIVE DEFENSES

133.    TruAssets states that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.  Thus, TruAsset's demands that Plaintiffs' Complaint and all causes of action therein be dismissed as to it with prejudice.

134.    TruAssets states that it is not a real party of interest as to all or a portion of the claims which are asserted against it.  Thus, TruAssets demands that Plaintiffs' Complaint and all causes of action therein as to it be dismissed.

135.    TruAssets states that Plaintiffs have failed to join parties as required by Rule 19 of the Federal Rules of Civil Procedure and has failed to state its reasons for such non-joinder. Thus, Plaintiffs' Complaint and all causes of action therein as to TruAssets must be dismissed.

136.    Plaintiffs' Complaint should be dismissed for lack of standing.

137.    Plaintiffs' Complaint should be barred due to failure of consideration.

138.    Plaintiffs' Complaint fails to plead facts constituting fraud or deceptive practices with sufficient particularity to satisfy Rule 9(b) of the Federal Rules of Civil Procedure.

139.    Plaintiffs' Complaint is barred because TruAssets complied with all statutes, requirements, and regulations applicable, including but not limited to, the provisions of the Fair Debt Collection Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act.

140.    To the extent that any violation of law occurred, which TruAssets expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by TruAssets of procedures reasonably adapted to avoid any such error.

141.    TruAssets states that if Plaintiffs suffered any of the injuries, losses, and damages alleged in their Complaint, then said injuries, losses, and damages were a direct and proximate result of a responsible, superseding, intervening cause.

142.    TruAssets states that if Plaintiffs sustained any of the injuries, losses, and damages alleged in their Complaint, then said injuries, losses, and damages were caused solely by the acts or omissions of persons other than TruAssets and over whose conduct TruAssets had no control, right to control, responsibility, or reason to anticipate.

143.    TruAssets states that if Plaintiffs suffered any of the injuries, losses and damages alleged in their Complaint then said injuries, losses and damages were a direct and proximate

result of their own contributory conduct. Plaintiffs' claims are accordingly barred, in whole or in part, and TruAssets is entitled to have the conduct of the parties to this litigation apportioned as required by Illinois law.

144.    TruAssets states that Plaintiffs have failed to mitigate their damages.

145.    TruAssets states that Plaintiffs' Complaint is barred by the legal doctrines of release and accord and satisfaction as the same are defined under the applicable law.

146.    TruAssets states that it is entitled to a set-off as to all amounts collected by Plaintiffs from individuals and entities other than it as a result of the incident set forth in Plaintiffs' Complaint.

147.    Plaintiffs' Complaint is barred in whole or in part because TruAssets at all times acted in good faith and in a commercially reasonable manner and/or in accordance with the express terms of the applicable agreements.

148.    Plaintiffs' Complaint is barred by the doctrines of unclean hands, waiver, laches, and estoppel.

149.    Plaintiffs' Complaint is barred as the claims were not raised in Kevin Johnson's prior bankruptcy.

150.    Consideration of any punitive damages in this civil action would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Constitution of Illinois and/or the applicable law of any other state or commonwealth of the United States whose laws might be deemed controlling in this case by allowing standardless discretion to the jury to determine punishment and by depriving TruAssets of prior notice of the consequences of its alleged acts.

151.    TruAssets reserves the right to assert any additional affirmative defenses that are

applicable or that become applicable as discovery progresses in this matter.

WHEREFORE, TruAssets respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that Plaintiff be ordered to pay all costs, expenses and attorney fees of TruAssets in defending this action, and that TruAssets be awarded any other relief this Court deems just and proper.

## THIRD PARTY COMPLAINT AGAINST UNITEC PROPERTY PROFESSIONALS AND WILLIAM BURCH

Now comes Third Party Defendant TruAssets, LLC ("TruAssets"), by and through its undersigned counsel, and hereby asserts its Third Party Complaint pursuant to Rule 14 of the Federal Rules of Civil Procedure against Unitec Property Professionals ("Unitec") and William Burch ("Burch") (collectively, "Third-Party Defendants") and states as follows:

1.      TruAssets incorporates all Paragraphs of its Answer to Plaintiffs' Second Amended Complaint as if fully written herein.

## PARTIES, JURISDICTION, AND VENUE

2.      Upon information and belief, Unitec is an Illinois corporation with its principal place of business at 4824 S. Justine, Chicago IL 60609.  Unitec is subject to personal jurisdiction in the courts of the State of Illinois, and hence in this Court.

3.      Upon information and belief, Burch is an Illinois resident.  Burch is subject to personal jurisdiction in the Courts of the State of Illinois, and hence in this Court.

4.      This Court has supplemental jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1367.

5.      The assertion of this Third-Party Complaint does not change the propriety of venue in this Court under 28 U.S.C. § 1391(a)(2).

## COUNT ONE: BREACH OF CONTRACT

6.      TruAssets entered into an Independent Subcontractor Agreement (the "Agreement") with Third-Party Defendants on January 19, 2015.[1]

7.      The Agreement was signed by William Burch, on behalf of Unitec.

8.      Pursuant to the Agreement, Third-Party Defendants were to assist with the property preservation at 2312 Emerald Lane, Yorkville, IL 60560.

9.      Pursuant to the Agreement, Third-Party Defendants were to defend and indemnify TruAssets for any and all claims arising out of their performance under the Agreement.

10.     Third-Party Defendants have materially breached the Agreement as they have failed to defend and indemnify TruAssets per their contractual obligations.

11.     Third-Party Defendants also materially breached the Agreement by, among other things, acting outside the scope of the work order issued to them and failing to supervise and direct their employees.

12.     TruAssets performed its obligations under the Agreement.

13.     As a direct and proximate result of Third-Party Defendants breaches, TruAssets has suffered damages in defending its interests in this lawsuit, which have yet to be calculated and are continuing to be incurred.

## COUNT TWO:  INDEMNIFICATION

14.     Pursuant to the Agreement, Third-Party Defendants contractually agreed to defend and indemnify TruAssets for claims such as the Johnsons' claims.

15.     In addition, Third Party Defendants are required to indemnify TruAssets pursuant

---

[1] A copy of the Agreement is not attached as it is Confidential in nature but a copy will be produced to all parties upon entry of a protective order.

to common law indemnification.

16.    TruAssets is entitled to indemnification from Third-Party Defendants, to the extent TruAssets is found responsible in any manner to Plaintiffs, which it denies, as Third-Party Defendants assumed that obligation under the Agreement.

WHEREFORE, Third Party Defendant TruAssets, LLC prays as follows:

1. For judgment against Unitec Property Professionals and William Burch pursuant to its Third Party Complaint;

2. For costs of suit and attorneys' fees herein incurred; and

3. For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Third Party Defendant TruAssets, LLC demands a jury trial of all claims and issues so triable.

Respectfully submitted,


By:  */s/ Chelsea R. Mikula* _____
      James W. Mizgala
      Chelsea R. Mikula (pro hac vice)
      Tucker Ellis LLP
      233 South Wacker Drive, Suite 6950
      Chicago, IL 60606
      Telephone:  (312) 624-6300
      Email:  james.mizgala@tuckerellis.com
            chelsea.mikula@tuckerellis.com

      *Counsel for TruAssets, LLC*

## CERTIFICATE OF SERVICE

I, Chelsea R. Mikula, an attorney, certify that on June 23, 2016 I caused the foregoing Answer and Third Party Complaint to be filed and served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system.

A copy of the Answer and Third-Party Complaint was served by certified mail upon Unitec Property Professionals at the following addresses:

Unitec Property Professionals          Unitec Property Professionals
c/o William Burch                      c/o William Burch
PO Box 32172                           4824 S. Justine
Chicago, IL 60632                      Chicago, IL 60609

By: */s/ Chelsea R. Mikula*_____
James W. Mizgala
Chelsea R. Mikula (pro hac vice)
Tucker Ellis LLP
233 South Wacker Drive, Suite 6950
Chicago, IL 60606
Telephone: (312) 624-6300
Email: james.mizgala@tuckerellis.com
chelsea.mikula@tuckerellis.com

2732246.1