# Exhibit D

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN and BETINA JOHNSON; | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:15-cv-10935 |
| | ) | |
| v. | ) | Honorable Virginia M. Kendall |
| | ) | |
| WELLS FARGO BANK, N.A.; | ) | Magistrate Judge Maria Valdez |
| SERVICELINK, LLC; SERVICELINK | ) | |
| FIELD SERVICES, LLC; | ) | |
| TRUASSETS, LLC; UNITEC | ) | |
| PROPERTY PROFESSIONALS; and | ) | |
| WILLIAM BURCH; | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WELLS FARGO BANK, N.A.'S AMENDED RESPONSES AND
OBJECTIONS TO PLAINTIFFS FIRST SET OF INTERROGATORIES TO
WELLS FARGO BANK, N.A.**

Defendant Wells Fargo Bank, N.A., by and through its attorneys, ("Wells Fargo")

submits the following responses and objections to Kevin and Betina Johnson's ("Plaintiffs") First

Set of Interrogatories to Defendant Wells Fargo Bank, N.A. (the "Requests").

**GENERAL OBJECTIONS AND OBJECTIONS TO INSTRUCTIONS**

Wells Fargo incorporates by reference the Introduction, Objections Nos. 1-6 and

objections to definitions and instructions in its responses to Plaintiffs' document requests to

Wells Fargo (served Dec. 30, 2016; served as amended March 9, 2017). Wells Fargo further

objects to the instructions and definitions herein as follows:

1. Wells Fargo objects to definition No. 12's reference to "the Plaintiffs' mortgage account"

   because there is no such account. Kevin Johnson is a mortgagor; Betina Johnson is not.

2. Wells Fargo objects to definition No. 16 because it is based upon the inaccurate

   definition No. 12 for reasons stated above.

3.      Wells Fargo objects to definition No. 17 because it misstates the law and is contrary to applicable Illinois statute.

4.      Wells Fargo objects to definition No. 18 because it is redundant of definition No. 17, misstates the law and is contrary to applicable Illinois statute

5.      Wells Fargo objects to definition No. 20 as confusing and overbroad. Wells Fargo further objects on the ground that definition No. 20 is argumentative by purporting to capture in its meaning "any acts performed on real property" by a non-owner including "removing personal property."

**INTERROGATORIES**

1.      State the name, address, title, and contact information of any Wells Fargo employee that has any knowledge related to Johnson's claims, Wells Fargo's defenses, or any denials in Wells Fargo's answer to the complaint covering the relevant time period.  Please include a summary of each person's knowledge.

**RESPONSE:**

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims against Wells Fargo nor proportionate to the needs of the case. Wells Fargo specifically objects to the phrases "any knowledge related to" claims, defenses and denials and "summary of each person's knowledge" as vague, ambiguous, overly broad and unduly burdensome. Wells Fargo further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to

and without waiving its objections, Wells Fargo states that investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

2.  Identify all phone calls between Wells Fargo and Johnson during the relevant time period. State the name, address, and title of any Wells Fargo employee that spoke with Johnson and the dates that each person spoke with Johnson.

**RESPONSE:**

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims against Wells Fargo nor proportionate to the needs of the case. This Interrogatory is not reasonably limited to the issues, claims or defenses in this matter, and instead appears calculated to harass and annoy. Wells Fargo specifically objects to the phrase "any Wells Fargo employee that spoke with Johnson" as vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiving its objections, Wells Fargo states that investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

3.  State the name, address, title, and contact information of (a) any Wells Fargo employee who reviewed any of Johnson's correspondence or loan modification submittals/applications to Wells Fargo, and (b) any Wells Fargo employee that responded to any of Johnson's correspondence or loan modification submittals/applications during the relevant time period.

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims against Wells Fargo nor proportionate to the needs of the case. This Interrogatory is not reasonably limited to the issues, claims or defenses in this matter, and instead is so overreaching that it appears calculated to harass and annoy. Wells Fargo specifically objects to the phrases "any Wells Fargo employee who reviewed any of Johnson's correspondence or loan

modification submittals/applications to Wells Fargo" and "any Wells Fargo employee that responded to any of Johnson's correspondence or loan modification submittals/applications" as vague, ambiguous, overly broad and unduly burdensome. Wells Fargo further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo directs Plaintiffs to WF-JOHNSON-0000001–WF-JOHNSON-0001153, including WF-JOHNSON-0000338-398, 0000429-433, 0000501-502, 0000505-512, 0000558-723, 0000793-823 and 0000986-1153. Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

4.      Describe any actions taken by Wells Fargo in response to any loan modification submittals received from Johnson during the relevant time period. Provide the details as to what Wells Fargo did to evaluate Johnson for any loan modification and any conclusions or findings made by Wells Fargo.

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims against Wells Fargo nor proportionate to the needs of the case. This Interrogatory is not reasonably limited to the issues, claims or defenses in this matter, and instead is so overreaching that it appears calculated to harass and annoy. Wells Fargo specifically objects to the phrases "any actions taken by Wells Fargo in response to any loan modification submittals received from Johnson", "the details as to what Wells Fargo did to evaluate Johnson for any loan modification" and "any conclusions or findings made by Wells Fargo" as vague, ambiguous, overly broad and unduly burdensome. Wells Fargo further objects to the extent this Interrogatory

4

seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo directs Plaintiffs to WF-JOHNSON-0000001–WF-JOHNSON-0001153, including WF-JOHNSON-0000001-0000061 and 0000986-1153. Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

5.      State all facts and identify all documents that support or form the basis for any of your denials to any of the allegations in the complaint.

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo directs Plaintiffs to WF-JOHNSON-0000001-0001153, ServiceLink000001-001189, and TRU00001-000645. Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

6.      State all facts and identify all documents that form the basis for any affirmative defense you have raised or will raise in this lawsuit.

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to the phrase "any affirmative defense you . . . will raise" in this Interrogatory as premature. Wells Fargo further objects to the extent this Interrogatory seeks

information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo directs Plaintiffs to WF-JOHNSON-0000001-0001153, ServiceLink000001-001189, and TRU00001-000645. Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

7.      Identify any mortgage file document storage systems, primary computer systems, servicing systems or software, computer programs, or mortgage servicing platforms that Wells Fargo used in any way related to servicing the subject loan account, the subject property, or the foreclosure during the relevant time period.  Please specify the name of the system or program (for example, Fiserv, LPS Desktop, MSP, Black Knight, Nautilus, Altisource, REALServicing, REALDoc, eWorkforce, Mortgage Keeper Tool, etc.).

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims against Wells Fargo nor proportionate to the needs of the case. This Interrogatory is not reasonably limited to the issues, claims or defenses in this matter, and instead is so overreaching that it appears calculated to harass and annoy. Wells Fargo specifically objects to the blanket phrase "any mortgage file document storage systems, primary computer systems, servicing systems or software, computer programs, or mortgage servicing platforms that Wells Fargo used in any way related to servicing the subject loan account, the subject property, or the foreclosure during the relevant time period" as vague, ambiguous, overly broad and unduly burdensome. Wells Fargo further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo

6

and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo states that investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

8. Identify in detail the procedure employed by Wells Fargo to determine whether the subject property was vacant or abandoned during the relevant time period. Please describe the actions taken by Wells Fargo to make its determination.

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to this Interrogatory as argumentative. Wells Fargo further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo directs Plaintiffs to ServiceLink's answer No. 7 to Plaintiffs' interrogatories to ServiceLink (served Jan. 3, 2017), and further directs Plaintiffs to WF-JOHNSON-0000001-0001153, including WF-JOHNSON-0000063-0000228 and 0000986-1153, ServiceLink000001-001189, and TRU00001-000645. Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

9. At any time during the relevant time period, is it your contention that Wells Fargo (or its vendors, agents, or subcontractors) was permitted under Illinois law to take actual possession of the subject property without obtaining Johnson's consent or a court order granting a change of possession? If so, state the basis for this contention.

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to Plaintiffs' purported definition of "actual possession" as a misstatement

7

of the law and contrary to applicable Illinois statute. Wells Fargo further objects to this Interrogatory as argumentative and as a premature contention interrogatory calling for a legal conclusion. In addition, Wells Fargo further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo  states that investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

10.     Identify the ways and methods that Wells Fargo communicates with ServiceLink related to property preservation services during the relevant time period.  Include a list of all software used.

**RESPONSE**:

        In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims against Wells Fargo nor proportionate to the needs of the case. This Interrogatory is not reasonably limited to the issues, claims or defenses in this matter, and instead is so overreaching that it appears calculated to harass and annoy. Wells Fargo specifically objects to the phrases "ways and methods that Wells Fargo communicates with ServiceLink", "related to property preservation services" and "list of all software used" as vague, ambiguous, overly broad and unduly burdensome. Wells Fargo further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo directs Plaintiffs to WF-

JOHNSON-0000001-0001153, including WF-JOHNSON-0000063-0000228 and 0000986-1153, ServiceLink000001-001189, and TRU00001-000645. Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

11.     Identify all communications that Wells Fargo had with ServiceLink, TruAssets, Unitec, and Burch related to the subject property during the relevant time period, including but not limited to (a) the vacancy status of the subject property, (b) whether the subject property had been abandoned, (c) property preservation or winterization of the subject property, (d) damage to the subject property, (e) work to repair the subject property, and (f) costs of repair of the subject property.

**RESPONSE**:

        In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims against Wells Fargo nor proportionate to the needs of the case. This Interrogatory is not reasonably limited to the issues, claims or defenses in this matter, and instead is so overreaching that it appears calculated to harass and annoy. Wells Fargo specifically objects to the phrase "all communications . . . related to the subject property" as vague, ambiguous, overly broad and unduly burdensome. Wells Fargo further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo directs Plaintiffs to WF-JOHNSON-0000001-0001153, including WF-JOHNSON-0000063-0000228 and 0000986-1153, ServiceLink000001-001189, and TRU00001-000645. Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

12.     Identify all amounts that ServiceLink, TruAssets, Unitec, and Burch charged or invoiced to Wells Fargo for work or property preservation done at or related to the subject

property during the relevant time period.  State whether Wells Fargo paid any of these amounts.

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims against Wells Fargo nor proportionate to the needs of the case. This Interrogatory's query into pricing and the status of accounts is not reasonably limited to the issues, claims or defenses in this matter, and instead appears calculated to harass and annoy—*see also* ServiceLink's answer No. 13 to Plaintiffs' interrogatories to ServiceLink. Wells Fargo further objects to the phrase "all amounts" as vague and ambiguous. In addition, Wells Fargo objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo states that investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

13.     Over the last five years, state all instances where a consumer made a complaint to Wells Fargo in relation to a residential home mortgage loan modification or property preservation services performed on a residential property where Wells Fargo was the loan servicer for the mortgage loan on the property.

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims against Wells Fargo nor proportionate to the needs of the case. This Interrogatory is not reasonably limited to the issues, claims or defenses in this matter, and instead so overreaches

that it appears calculated to harass and annoy. Wells Fargo specifically objects to the phrases "all instances where a consumer made a complaint to Wells Fargo" and "in relation to a residential home mortgage loan modification or property preservation services performed on a residential property" as vague, ambiguous, overly broad and unduly burdensome. Wells Fargo further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo directs Plaintiffs to its responses Nos. 35-39 to Plaintiffs' document requests to Wells Fargo (served Dec. 30, 2016). Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

14.     Over the last five years, state all instances where a complaint was filed against Wells Fargo wherein a claim was made (a) that Wells Fargo violated a state's consumer fraud or unfair and deceptive acts and practices statute, including but not limited to ICFA, (b) that Wells Fargo violated a state law claim of trespass to real property, trespass to personal property, conversion, or negligence, or (c) in relation to a residential home mortgage loan modification or loan modification application. State the result of each complaint, action, or suit.

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims against Wells Fargo nor proportionate to the needs of the case. This Interrogatory is not reasonably limited to the issues, claims or defenses in this matter, and instead so overreaches that it appears calculated to harass and annoy. Wells Fargo specifically objects to the phrases "all instances where a complaint was filed against Wells Fargo", "a state's consumer fraud or unfair and deceptive acts and practices statute, including but not limited to ICFA", "a state law claim of

trespass to real property, trespass to personal property, conversion, or negligence", "in relation to a residential home mortgage loan modification or loan modification application" and "the result of each complaint, action, or suit" as vague, ambiguous, overly broad and unduly burdensome. Wells Fargo further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo directs Plaintiffs to its responses Nos. 35-39 to Plaintiffs' document requests to Wells Fargo (served Dec. 30, 2016). Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

15. Over the last five years, state all instances where a complaint was filed against Wells Fargo with the any state or federal regulatory agency, including but not limited to any State's attorney general's office or Consumer Financial Protection Bureau, where there were any allegations that Wells Fargo was liable for any of the following acts: (a) mishandling a loan modification or loan modification application, (b) trespass, (c) theft of personal property, (d) vandalism, (e) negligence, or (f) willful, wanton, or intentional conduct related to the taking of consumer property, damage to a consumer's home, an improper eviction, a lockout, or wrongful dispossession of a consumer from his home or the changing of locks on any consumer residence.

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 14 and/or to the extent it seeks information that is neither relevant to the claims against Wells Fargo nor proportionate to the needs of the case. This Interrogatory is not reasonably limited to the issues, claims or defenses in this matter, and instead so overreaches that it appears calculated to harass and annoy. Wells Fargo specifically objects to the phrases "all instances where a complaint was filed against Wells Fargo" and "the any [sic] state or federal regulatory agency"

as vague, ambiguous, overly broad and unduly burdensome. Wells Fargo also objects to this Interrogatory's characterization of "acts" as a series of legal conclusions including "trespass", "theft", "negligence" and "willful, wanton or intentional conduct," among others. Wells Fargo further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo directs Plaintiffs to its responses Nos. 35-39 to Plaintiffs' document requests to Wells Fargo (served Dec. 30, 2016). Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

16. During the relevant time period, describe Wells Fargo's procedures for contracting with or procuring property preservation vendors, contractors, and suppliers on a residential property where Wells Fargo was the loan servicer for the mortgage on the property including, but not limited to: (a) the application process; (b) the information requested from each vendor, contractor, and supplier; (c) the criteria used to evaluate vendors, contractors, and suppliers; (d) background checks conducted on vendors and contractors; and (e) insurance requirements.

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims against Wells Fargo nor proportionate to the needs of the case. This Interrogatory is not reasonably limited to the issues, claims or defenses in this matter, and instead is so overreaching that it appears calculated to harass and annoy. Wells Fargo specifically objects to the phrases "procedures for contracting with or procuring property preservation vendors, contractors, and suppliers", "the application process", "the information requested from each vendor, contractor, and supplier", "the criteria used to evaluate vendors, contractors, and

13

suppliers", "background checks conducted on vendors and contractors" and "insurance requirements" as vague, ambiguous, overly broad and unduly burdensome. Wells Fargo further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo directs Plaintiffs to WF-JOHNSON-0000001-0001153, ServiceLink000001-001189, and TRU00001-000645. Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

17.     Have you collected data related to any other similar complaints or litigation as set forth in interrogatories Nos. 14 through 16 above? If so, identify each email address and/or custodian of said data, the format of the data as collected, the format of the data if it was processed into a load file format at any time, the identity of the persons and/or entity who collected the data, the person and/or identity who processed the data, and the current location of such data.

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims against Wells Fargo nor proportionate to the needs of the case; Wells Fargo incorporates by reference its responses to Interrogatories Nos. 14-16 above. This Interrogatory's use of the phrase "data related to any other similar complaints or litigation" is overtly vague and this phrase, along with requests for purported email addresses, purported data "format[s]" and purported "identities of the persons and/or entity who collected the data," among other things, appear overtly calculated to harass and annoy. This interrogatory is vague, ambiguous, overly broad and unduly burdensome in its entirety. Wells Fargo further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the

14

work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo states that it has not "collected" such purported "data." Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

18. Identify any computer software programs in which you have reviewed any data collected in this case or related to other similar complaints or litigation as set forth in interrogatories Nos. 14 through 16 above, and identify any Technology Assisted Review ("TAR"), Computer Assisted Review ("CAR"), Continuous Active Learning ("CAL"), Predictive Coding ("PC"), email threading, de-duplification, near-de-dupification, de-NISTing that has been employed to cull data, reduce data, identify email threads, or to assist in the review of the data.

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo incorporates herein by reference its responses to Interrogatories Nos. 14-17 above. Wells Fargo specifically objects to the phrases "any computer software programs", "any data collected in this case or related to other similar complaints or litigation" and "Technology Assisted Review ('TAR'), Computer Assisted Review ('CAR'), Continuous Active Learning ('CAL'), Predictive Coding ('PC'), email threading, de-duplification, near-de-dupification, de-NISTing" as vague, ambiguous, overly broad and unduly burdensome. Wells Fargo further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo states that it has not "collected" such purported "data" and, thus, there is

no "review[]." Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

19.   With respect to the previous interrogatory, identify any third-party vendor and its employees or contractors who assisted you in the data review.

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo incorporates herein by reference its response to Interrogatory No. 18 above. Wells Fargo specifically objects to the phrase "any third-party vendor and its employees or contractors who assisted you in the data review" as vague and ambiguous. Wells Fargo further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo states there is no "data review." Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

20.   Do you have the capability of producing your native data in a widely-accepted load file format, for example, a Concordance load file format?

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims against Wells Fargo nor proportionate to the needs of the case. Wells Fargo specifically objects to the phrases "your native data" and "widely-accepted load file format" as vague and ambiguous. Wells Fargo further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine

16

or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo directs Plaintiffs to its document production in this matter, WF-JOHNSON-0000001-0001153. Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

21.     Identify any data exception reports involved in collecting responsive native data, and provide details of any and all resolutions to such exception reports.

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims against Wells Fargo nor proportionate to the needs of the case. Wells Fargo specifically objects to the phrases "any data exception reports involved", "involved in collecting responsive native data" and "any and all resolutions to such exception reports" as vague and ambiguous. Wells Fargo further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo states that there are no such "reports." Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

22.     Identify any and all bulk tagging of any documents or data that you deemed to be irrelevant, privileged, or otherwise non-responsive, and state as to each: the bulk tag applied, the number of documents withheld under each bulk tag, and a detailed explanation for the bulk tag, and the withholding of the bulk-tagged documents.

**RESPONSE**:

In addition to its General Objections and Objections to the Definitions and Instructions, Wells Fargo objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims against Wells Fargo nor proportionate to the needs of the case. Wells Fargo specifically objects to the phrases "bulk tagging", "any documents or data that you deemed to be irrelevant, privileged, or otherwise non-responsive", "the bulk tag applied", "documents withheld under each bulk tag", "detailed explanation for the bulk tag" and "withholding of the bulk-tagged documents" as vague, ambiguous, overly broad and/or unduly burdensome. Wells Fargo further objects to the extent this Interrogatory seeks information protected from disclosure by the attorney-client privilege, the work product doctrine or other applicable privilege, information that is outside the possession, custody or control of Wells Fargo and/or information that is more or as readily obtained from documents or other parties. Subject to and without waiving its objections, Wells Fargo states that there is no "bulk tagging." Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

23.     If you withheld any documents on a claim of privilege, identify all email addresses linked to any such withheld documents and identify the person associated with such email address, whether they were a "to," "from," "cc," "forward," or "bcc," a statement of why the communication was privileged, and a list of all other email addresses that received the particular email whether contemporaneously or at any other time.

**RESPONSE**:

Subject to and without waiving its objections, Wells Fargo states that no such documents were withheld. Investigation continues and Wells Fargo reserves the right to supplement this response pursuant to Rule 26(e).

Dated: March 9, 2017                     Respectfully submitted,

                                         **WELLS FARGO BANK, N.A.**

                                         By: /s/ Joseph M. Snapper_____

Lucia Nale
Michelle V. Dohra
Joseph Snapper
MAYER BROWN, LLP
71 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
*Counsel for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I, Joseph M. Snapper, declare under penalty of perjury that on March 9, 2017, I sent, via electronic mail, copies of the foregoing to:


Ross M. Zambon,
Zambon Law, Ltd.
Sulaiman Law Group, Ltd. (of counsel)
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
rzambon@sulaimanlaw.com

Nicholas Heath Wooten
Nick Wooten, LLC
17200 Chenal Parkway Ste. 300 - Box 357
Little Rock, AR 72223
nick@nickwooten.com

William S. Hackney
Thomas James Lyman, III
Danessa P. Watkins
SmithAmundsen
150 North Michigan Ave. Ste 3300
Chicago, Illinois 60601
whackney@salawus.com
tlyman@salawus.com
dwatkins@salawus.com

James H. Ryan
Lindsay A. Watson
Gordon & Rees, LLP
One North Franklin
Suite 800
Chicago, IL 60606
hayesryan@gordonrees.com
lwatson@gordonrees.com

James Edward Abbott
Christie Bolsen Benear
Litchfield Cavo LLP
303 West Madison Street
Suite 300
Chicago, IL 60606-3300
abbott@litchfieldcavo.com
benear@litchfieldcavo.com